IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Clayton, Jr., # 286814,  )<br>  )<br>                  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>State of S.C.,  )<br>  )<br>                  Defendant.  )<br>_____) | C/A No. 8:14-789-RBH-JDA<br><br>REPORT AND RECOMMENDATION |

Robert Lee Clayton, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Ridgeland Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## Background

Plaintiff brings this suit against the State of South Carolina, and also he may be attempting to sue Clarendon County.[1] [Doc. 1.] Plaintiff alleges that his First Amendment constitutional rights were violated because he has been denied access to file an action in state court. [*Id.* at 2–5.] He alleges that he has been indigent since 2006, and on October 17, 2013, a state circuit Judge Cothran denied Plaintiff leave to proceed *in forma pauperis* to file a declaratory judgment and state tort claim action related to his seeking credit for time served in detention toward the sentence he is now serving. [*Id.* at 3.] Plaintiff requests this Court to declare that he has the right pursuant to the First Amendment to litigate his claim in state court "rather or not he is indigent." [*Id.* at 5.]

---

[1] On May 19, 2014, Plaintiff submitted proposed service documents to the Clerk of Court, wherein he seems to list Clarendon County as a defendant even though he did not name it as a defendant in the Complaint.

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal

arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because the crux of this action appears to be an attempt to vacate or reverse Judge Cothran's prior decision or order to deny Plaintiff leave to proceed *in forma pauperis* in state court, this action should be dismissed based on *Rooker-Feldman* abstention. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim

is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment, and the doctrine applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions). Here, Plaintiff appears to allege that his federal constitutional rights were violated when state circuit Judge Cothran entered an order to deny Plaintiff the right to file a state action without paying the filing fee, or *in forma pauperis*, or he dismissed the action for failure to pay the filing fee. From Plaintiff's allegations, this Court construes that Judge Cothran's order was a final decision. Therefore, this action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[2] *See In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments).

However, if Plaintiff's state action is still pending or is not considered to be a prior state court final decision, this action should be dismissed based on *Younger* abstention. In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of

---

[2] This Court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

4

circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has indicated that *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005). The area of state court judicial administration is an "important" state interest. *See e.g., Bieber v. South Carolina Comm'n on Lawyer Conduct*, C/A No. 6:08-2215-HMH, 2008 WL 44442629, at *1–2 (D.S.C. Sept. 24, 2008) (state attorney disciplinary proceedings are an important state interest). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). This Court finds that Plaintiff should be able to raise his First Amendment access to the courts claim either in the state circuit court or on appeal in a state appellate court. *See Bieber*, 2008 WL 4442629, at *3 (finding that Plaintiff could raise his First Amendment challenges in state court). Thus, the instant action should be dismissed pursuant to the *Younger* abstention doctrine.

Moreover, this action should be dismissed for failure to state a claim on which relief may be granted because this action requests certain relief that this Court cannot grant. Plaintiff's request for this Court to declare that he has the right pursuant to the First Amendment to litigate his claim in state court "rather or not he is indigent" seems to seek

injunctive relief to order the state court to permit Plaintiff to file an action. Plaintiff's request seems to be directed at Judge Cothran in Clarendon County, and, thus, it is in the nature of seeking a writ of mandamus against Judge Cothran. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court circuit judge to take certain actions in a state case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

## Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

May 21, 2014
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).